UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

| | |
|---|---|
| HOSGAN TAVIRA,<br><br>                            Plaintiff,<br><br>        -against-<br><br>CITY OF NEW YORK, ERIK RODRIGUEZ, Individually, MILAGROS PEREZ, Individually, MELANIE PAGANMERRITT, Individually, DANIEL TRAVIS, Individually, and JOHN AND JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                            Defendants. | **COMPLAINT**<br><br>Index No.:<br><br><u>Jury Trial Demanded</u> |

------------------------------------------------------------------------------X

Plaintiff HOSGAN TAVIRA, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## **VENUE**

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff HOSGAN TAVIRA is a forty-six-old man residing in Bronx, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, ERIK RODRIGUEZ, MILAGROS PEREZ, MELANIE PAGANMERRITT, DANIEL TRAVIS, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

# FACTS

12. On December 2, 2021, beginning at approximately 6:30 p.m., at a bike shop in the vicinity of 133rd Street and Frederick Douglas Avenue, located in New York County, plaintiff was without cause or justification, unlawfully arrested by defendant officers RODRIGUEZ, PEREZ, PAGANMERRITT, and Sergeant TRAVIS.

13. On the aforesaid date and time, defendants entered the shop and immediately began to question plaintiff about the bike that was beside him.

14. One of the defendant officers asked plaintiff to whom the bike belonged, and plaintiff responded that it was his.

15. The defendant officer then asked plaintiff when and where he had purchased the bike, to which plaintiff replied that he had purchased the bike online that same day.

16. The defendant officer demanded proof of the purchase, so plaintiff showed officers the phone application on which he had bought the bike and the messages he had exchanged with the seller.

17. The officers spoke to each other and then told plaintiff he was being placed under arrest for Criminal Possession of Stolen Property.

18. Plaintiff was placed in overtight handcuffs and transported to the NYPD's 32nd Precinct in a police vehicle.

19. Despite plaintiff's continued reiteration that he had proof that his purchase was legitimate, plaintiff's possessions were confiscated at the precinct, and he was placed in jail with an individual who had just committed a violent crime.

20. Upon information and belief, while plaintiff was in custody, plaintiff's friend informed the defendants that he had taken photos and videos of the seller and showed them to the

officers as further proof of plaintiff's purchase.

21. The defendants ignored this exculpatory information.

22. While in his cell, plaintiff was told that he might have to remain there until Monday, December 6, which caused plaintiff to become increasingly afraid and anxious.

23. Plaintiff was held from approximately 7:00 p.m. that evening until approximately 3:00 a.m. the following day, at which point plaintiff was released with a desk appearance ticket (hereinafter "DAT") issued to him by defendant Rodriguez.

24. The issuance of the DAT commenced a malicious prosecution against plaintiff, without probable cause.

25. Plaintiff suffered a restraint on his liberty insofar as the DAT indicated that if plaintiff failed to appear in court on December 20, 2021, a warrant could be issued, and additional charges could be lodged against him.

26. The defendant officers initiated said prosecution with malice, and otherwise caused the prosecution to be commenced against plaintiff without probable cause.

27. Plaintiff was then called by immigration officials on December 3, 2021, following his release from the precinct, regarding his citizenship ceremony scheduled to take place on December 6, 2021.

28. In particular, plaintiff was informed by immigration officials that he no longer qualified for citizenship due to this false arrest and related criminal prosecution, and that his ceremony appointment was canceled.

29. Plaintiff retained an attorney and appeared as instructed in New York County Criminal Court on December 20, 2021.

30. Plaintiff was informed on December 20, 2021, that the New York County District

Attorney's Office had declined to prosecute and otherwise dismissed the charges lodged against him by defendants on December 4, 2021, via a District Attorney's dismissal form confirming that it was apparently known to law enforcement that plaintiff had not knowingly possessed stolen property or otherwise committed any crime.

31. Plaintiff was deprived of his liberty, sustained injuries including pain to wrists from overtight handcuffs, suffered emotional distress, and other collateral consequences, including interference with his previously planned citizenship ceremony, and incurred financial loss, including legal fees and loss of his bike.

32. Defendants RODRIGUEZ, PEREZ, PAGANMERRITT, TRAVIS and JOHN and/or JANE 1 through 10 either directly participated and/or supervised the false arrest and malicious prosecution of plaintiff or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of unlawfully arresting individuals without probable cause.

35. The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding probable cause to

arrest individuals, particularly with respect to arrests for criminal possession of stolen property.

36. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

37. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

38. As a result of the foregoing, plaintiff HOSGAN TAVIRA sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendant Officers)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

40. Defendant officers arrested plaintiff HOSGAN TAVIRA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41. Defendant officers caused plaintiff HOSGAN TAVIRA to be falsely arrested and unlawfully imprisoned.

42. As a result of the foregoing, plaintiff HOSGAN TAVIRA is entitled to

compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983 against Defendants Officers)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

44. Defendants initiated a malicious prosecution against plaintiff HOSGAN TAVIRA by issuing him a DAT.

45. Defendants instantiated the prosecution against plaintiff HOSGAN TAVIRA without probable cause, until the charges were declined by the New York County District Attorney's Office on December 4, 2021, and until he was informed of such on December 20, 2021.

46. As a result of the foregoing, plaintiff HOSGAN TAVIRA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Defendants Officers)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

48. Defendants had an affirmative duty to intervene on behalf of plaintiff HOSGAN TAVIRA, whose constitutional rights were being violated in their presence by other officers.

49. The defendants failed to intervene to prevent the unlawful conduct described

herein.

50. As a result of the foregoing, plaintiff HOSGAN TAVIRA was falsely arrested and maliciously prosecuted.

51. As a result of the foregoing, plaintiff HOSGAN TAVIRA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

53. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

54. As a result of the foregoing, plaintiff HOSGAN TAVIRA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

56. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

57. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included but were not limited to subjecting citizens to arrest without probable cause. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff HOSGAN TAVIRA'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff HOSGAN TAVIRA.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff HOSGAN TAVIRA as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff HOSGAN TAVIRA as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff HOSGAN TAVIRA was unlawfully seized, detained, and prosecuted.

62. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff HOSGAN TAVIRA'S constitutional rights.

63. All of the foregoing acts by defendants deprived plaintiff HOSGAN TAVIRA of federally protected rights, including, but not limited to, the right:

  A. To be free from false arrest/unlawful imprisonment; and

  B. To be free from malicious prosecution.

64. As a result of the foregoing, plaintiff HOSGAN TAVIRA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

66. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

67. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

68. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

69. Plaintiff has complied with all conditions precedent to maintaining the instant action.

70. This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

72. Defendants arrested plaintiff HOSGAN TAVIRA without probable cause.

73. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

74. As a result of the aforementioned conduct, plaintiff HOSGAN TAVIRA was unlawfully imprisoned in violation of the laws of the State of New York.

75. As a result of the aforementioned conduct, plaintiff HOSGAN TAVIRA suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

76. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

77. As a result of the foregoing, plaintiff HOSGAN TAVIRA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

79. The defendant officers initiated, commenced and continued a malicious

prosecution against plaintiff HOSGAN TAVIRA.

80. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

81. Defendants caused plaintiff HOSGAN TAVIRA to be prosecuted without probable cause until the charges were dismissed.

82. As a result of the foregoing, plaintiff HOSGAN TAVIRA is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

84. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered, falsely arrested, and maliciously prosecuted plaintiff HOSGAN TAVIRA.

85. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

86. As a result of the foregoing, plaintiff HOSGAN TAVIRA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

87.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

88.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered, falsely arrested, maliciously prosecuted plaintiff.

89.     As a result of the foregoing, plaintiff HOSGAN TAVIRA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff HOSGAN TAVIRA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated:  New York, New York
        March 2, 2023

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff HOSGAN TAVIRA
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:     *Brett Klein*
        _____
        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

HOSGAN TAVIRA,

                                                      Plaintiff,

     -against-

CITY OF NEW YORK, ERIK RODRIGUEZ, Individually,
MILAGROS PEREZ, Individually, MELANIE PAGANMERRITT,
Individually, DANIEL TRAVIS, Individually, and JOHN AND
JANE DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                                   Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132